IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLIE RODGERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   Case No. 16-cv-0622-MJR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

ORDER DENYING *JOHNSON*-BASED § 2255 PETITION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE

**REAGAN, Chief Judge:**

**A.   Introduction**

In Case No. 09-cr-30120-MJR ("the underlying case"), Charlie Rodgers pled guilty to Counts 1 and 3 of an indictment. **Count 1** charged Rodgers with forcibly assaulting, resisting, intimidating, or impeding a U.S. Marshals Service Task Force Officer (James Ferry) while Ferry was engaged in performance of official duties, making contact with Ferry, and using a dangerous weapon during the incident, namely a 9-mm Smith and Wesson Semi-Automatic firearm, in violation of 18 U.S.C. 111(a)(1) and (b). **Count 3** charged Rodgers with "having previously been convicted of a felony punishable by imprisonment for a term exceeding one year," knowingly possessing the 9-mm semi-automatic firearm on August 11, 2009, in violation of 18 U.S.C. 922(g)(1). *See* Indictment, Doc. 1 in the underlying case.

In exchange for the guilty plea to Counts 1 and 3, the United States (in addition to other concessions, such as recommending a sentence toward the low end of the sentencing range found by the Court) dismissed Count 2, which charged use of a firearm during a crime of violence (i.e., assault of a federal officer) in violation of 18 U.S.C. 924(c)(1)(A). The undersigned sentenced Rodgers to 194 months in prison on each of Counts 1 and 3, running concurrently. Judgment was entered on December 17, 2010. No direct appeal was taken.

On June 9, 2016, Rodgers filed a *pro se* petition to vacate, set aside, or correct his sentence under 28 U.S.C. 2255. The petition is based on **Johnson v. United States, -- U.S. --, 135 S. Ct. 2551 (2015),** which found unconstitutional the residual clause of the Armed Career Criminal Act, 18 U.S.C. 924(e)(2)(B)(ii), and **Welch v. United States, -- U.S. --, 136 S. Ct. 1257 (2016),** which held *Johnson* retroactively applicable to cases on collateral review. Rodgers asserts that his sentence "violates the due process clause in light of *Johnson*," because this Court improperly enhanced the sentence based on Rodgers' "prior Illinois convictions of Aggravated Fleeing and Aggravated battery" (Doc. 1, p. 4).

On threshold review of the petition, the undersigned appointed counsel (Assistant Federal Public Defender Daniel G. Cronin) to assist Rodgers in pursuing any *Johnson*-based relief to which he might be entitled, noted several potential procedural obstacles to relief, and set a briefing schedule. On August 8, 2016, Mr. Cronin filed a detailed memorandum explaining his belief that "there is no non-frivolous basis for the relief sought" in the § 2255 petition (Doc. 4, p. 1).

On September 2, 2016, the Court entered an Order which explained Mr. Cronin's position, adjusted the briefing schedule, and directed the United States to respond by October 11, 2016. The September 2nd Order directed Rodgers to file a reply brief by November 11, 2016 identifying any basis on which the Court can award the relief sought in his petition (given Cronin's assessment) and also asked Rodgers to supply a missing page from his petition. Rodgers complied with the second directive (he promptly filed the missing page) but not the first (he did not file a reply brief addressing Cronin's position or the United States' arguments). For the reasons stated below, the Court denies Rodgers' § 2255 petition.

**B.**     **Preliminary Issues**

Under Rule 8(a) of the Rules Governing Section 2255 Proceedings, this Court must determine whether an evidentiary hearing is warranted. Not every petition warrants a hearing. *Boulb v. United States,* 818 F.3d 334, 339 (7th Cir. 2016). *See also Martin v. United States,* 789 F.3d 703, 706 (7th Cir. 2015) ("It is well-established that a district court need not grant an evidentiary hearing in all § 2255 cases," such as where the record conclusively shows the prisoner is not entitled to relief.); *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006) (to justify a hearing, petition must be accompanied by a detailed affidavit which shows that the petitioner has actual proof of the allegations going beyond mere unsupported assertions). The record before this Court conclusively reveals that Rodgers is not entitled to relief, so no hearing is needed.

Next, the Court addresses whether Rodgers' petition was timely filed. It was. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year period of limitations for prisoners to file petitions seeking to modify or vacate their sentences under 28 U.S.C. 2255. **28 U.S.C. 2255(f);** *Purvis v. United States,* **662 F.3d 939, 942 (7th Cir. 2011).** *Accord Clay v. United States,* **537 U.S. 522, 524 (2003) ("A motion by a federal prisoner … under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'").**

The one-year limitation period is triggered by the latest of four events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**28 U.S.C. 2255(f).** The statute does not provide for extensions of time.[1]

Rodgers filed his petition on June 9, 2016 -- within the one-year period set forth in § 2255(f)(3), based on the Supreme Court's June 26, 2015 decision in *Johnson*, which

---

[1] The limitation period is not jurisdictional and can be equitably tolled. ***Boulb,* 818 F.3d at 339,** *citing Holland v. Florida,* **560 U.S. 631, 645 (2010).** But equitable tolling is "reserved for extraordinary circumstances far beyond the litigant's control" which prevented him from filing the petition on time. *Id.,* quoting *Socha v. Boughton,* **763 F.3d 674, 684 (7th Cir. 2014).** *Accord Nolan v. United States,* **358 F.3d 480, 484 (7th Cir. 2004).**

has been declared retroactively applicable to cases on collateral review.  *Welch*, **136 S. Ct. at 1265** ("*Johnson* is … a substantive decision and so has retroactive effect … in cases on collateral review."); *Price v. United States*, **795 F.3d 731, 734 (7th Cir. 2015)** (*Johnson* **announced a new substantive rule which applies retroactively on collateral review**).  Rodgers' petition is timely as to all *Johnson*-premised arguments.

C.  <u>Analysis</u>

(1)  OVERVIEW

Analysis starts with the proposition that relief under § 2255 is limited.  It is "available only in extraordinary situations," requiring an error of constitutional or jurisdictional magnitude or a fundamental defect that resulted in a complete miscarriage of justice.  *Blake v. United States*, **723 F.3d 870, 879 (7th Cir. 2013)**.  *Accord United States v. Coleman*, **763 F.3d 706, 708 (7th Cir. 2014)**.

Rodgers maintains that there has been an error of constitutional proportion.  He insists that, after *Johnson*, neither his aggravated fleeing conviction nor his aggravated battery conviction constitutes a "violent felony" under the Armed Career Criminal Act (ACCA), 18 U.S.C. 924(e)(2), so he lacks the necessary three predicates for sentence enhancement thereunder.  As the United States Court of Appeals for the Seventh Circuit summarized in *Hill v. Werlinger,* **695 F.3d 644, 647 (7th Cir. 2012)**:

> Under the ACCA, an offender who is convicted under 18 U.S.C. § 922(g) as a felon in possession of a firearm and has three prior convictions for a violent felony or serious drug offense receives a mandatory minimum 15–year prison sentence. 18 U.S.C. § 924(e)(1).

Before the 2015 decision in *Johnson*, the ACCA (18 U.S.C. 924(e)(2)(B)) defined "violent felony" as any crime punishable by a year or more in prison that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The Supreme Court in *Johnson* held that the latter part of subsection (ii), the "residual clause" starting with the phrase "or otherwise involves," was unconstitutionally vague.

Turning to the case at bar, Rodgers' Illinois aggravated fleeing conviction would only count as a violent felony under the ACCA via the now-invalidated residual clause. So Rodgers' aggravated *fleeing* conviction is not a violent felony under the ACCA. However, the record indicates that the aggravated fleeing conviction was not used or relied on by the Court to find Rodgers was an armed career criminal.[2]

Moreover, as described more fully below, Rodgers' aggravated *battery* conviction remains a violent felony post-*Johnson*. So the question becomes whether Rodgers' other prior convictions – not addressed in Rodgers' pro se petition – constitute ACCA predicate offenses supporting sentence enhancement via § 924(e)(1).

---

[2] The Presentence Investigation Report ("PSR," Doc. 33 in the underlying case; Doc. 5 filed under seal in this proceeding) indicates that the aggravated fleeing conviction was considered in finding Rodgers was a career offender but was *not* relied on to determine that he was an armed career criminal. As to armed career criminal designation, the PSR notes (*id.*, ¶ 30, emph. supplied): "Predicate offenses consist of the same offenses used for career offender purposes, *except for the aggravated fleeing from a police officer offense*, as he was not yet convicted of that offense at the time of the instant offense."

### (2)    WAIVER OF RIGHT TO FILE 2255 PETITION

Before reaching the merits of this issue, the Court must confront an obvious procedural impediment – Rodgers waived the right to collaterally challenge his sentence pursuant to 28 U.S.C. 2255.[3]

In September 2010, Rodgers executed a written plea agreement in which he acknowledged that he had the right to contest his sentence under Title 18 and Title 28, as well as certain appeal rights. The plea agreement then states (Doc. 11-1, p. 11; emphasis supplied):

> Acknowledging all this, and in exchange for the recommendations and concessions made by the United States in this plea agreement, the **Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under … Title 28, or under any other provision of federal law**, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence….
>
> Defendant's waiver of his right to … bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit which is declared retroactive by those Courts, and which renders the defendant actually innocent of the charges covered herein; and 2) appeals based upon Sentencing Guideline amendments that are made retroactive by the United States Sentencing Commission (*see* U.S.S.G. § 1B1.10).

The plain language of this waiver encompasses the collateral challenge Rodgers now mounts under 28 U.S.C. 2255. The first paragraph quoted above bars Rodgers' § 2255 petition, and the second paragraph does not furnish a way around that bar.

---

[3] The plea agreement from the underlying case is an exhibit in this proceeding (Doc. 11-1). The stipulation of facts is Doc. 29 in the underlying case.

Mr. Cronin offered one possible basis on which to circumvent the waiver – an implicit due process-based exception to waiver provisions (*see* Doc. 4, pp. 3-4) -- but the Court finds the argument unavailing.  The Court concludes that the waiver, which was knowingly and voluntarily executed (Rodgers does not claim otherwise, nor would the record support such a claim), precludes Rodgers' § 2255 petition.

Clearly, a defendant can waive his right to collateral review as part of a plea agreement.  ***See, e.g., Solano v. United States*, 812 F.3d 573, 577 (7th Cir.), *cert. denied*, -- U.S. --, 137 S. Ct. 58 (2016) ("As part of a plea agreement, a defendant may validly waive his right to challenge his conviction and sentence on direct appeal or collateral review under 28 U.S.C. 2255.").**  Such waivers are enforced unless the plea agreement was involuntary, the court relied on a constitutionally impermissible factor (like the defendant's race), the sentence exceeded the statutory maximum, or the defendant claimed ineffective assistance of counsel in connection with negotiation of the plea agreement.  ***Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011), *citing Jones v. United States*, 167 F.3d 1142, 1144-45 (7th Cir. 1999); *Gaylord v. United States*, 829 F.3d 500, 505 (7th Cir. 2016).**  None of these exceptions applies here.

Rodgers' plea agreement explicitly left one door to collateral review open.  The waiver as to collateral challenges does *not* apply to any subsequent change in the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit that has been declared retroactive by those Courts *and that rendered Rodgers actually innocent of the charges.*  Reliance on this provision would be misplaced, because *Johnson* did *not* render Rodgers actually innocent of the charges he pled guilty to –

assaulting, resisting, or impeding a federal officer while armed with a dangerous weapon in violation of 18 U.S.C. 111 and being a felon in possession of a firearm in violation of 18 U.S.C. 922(g).

Nothing about the holding of *Johnson* altered the elements of or heightened the proof required for conviction under these statutes.[4]  The undersigned finds the § 2255 waiver enforceable.  That waiver precludes the relief Rodgers seeks.  If the Court could bypass the waiver, the petition would fail on the merits, as summarized below.

### (3)    MERITS OF 2255 PETITION

Charlie Rodgers was sentenced in December 2010, and the undersigned applied the 2010 edition of the United States Sentencing Guidelines Manual.  Appointed counsel aptly noted (Doc. 4, p. 2): "Petitioner Rodgers had the unenviable distinction of being sentenced as both a Career Offender and as an Armed Career Criminal.  *See* PSR at ¶¶ 30, 45)."[5]  Rodgers' petition challenges his sentence *only* **as to the Court designating him an armed career criminal under the ACCA** (although the undersigned briefly discusses the career offender designation at the end of this section).

The ACCA enhances the sentence of a felon who unlawfully possesses a firearm after three prior convictions for a "violent felony" or "serious drug offense" -- requiring a term of imprisonment of "not less than fifteen years."  **18 U.S.C. 924(e)(1).  *See also***

---

[4]    *Johnson* stands in contrast to *Flores-Figueroa v. United States,* **556 U.S. 646, 657 (2009)**, which changed the proof required for conviction under the aggravated identity theft statute.  In *Flores-Figueroa,* an element of the offense of conviction was changed by the Supreme Court's opinion, resulting in the defendant being *actually innocent* of the charge.  *Johnson* did not render Rodgers innocent of the charges he was convicted of in this Court.

[5]    Under both provisions, the offense level was the same.

*United States v. Edwards*, 836 F3d 831, 834 n.2 (7th Cir. 2016); *United States v. Vivas-Ceja*, 808 F.3d 719, 721 (7th Cir. 2015). For purposes of the ACCA, "violent felony" (post-*Johnson*) is defined as any crime punishable by imprisonment for a term over one year that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, extortion, or involves the use of explosives. **18 U.S.C. 924(e)(2)(B).**

Rodgers' Illinois conviction for aggravated fleeing from a police officer does not fit this definition.[6] But his conviction for aggravated battery does. The aggravated battery conviction came in Madison County (Illinois) Case No. 95-CF-1441. The Illinois battery statute in effect at that time, **720 ILSC 5/12-3(a) (1994)**, provided:

> A person commits battery if he intentionally or knowingly without legal justification and by any means,
> (1) causes bodily harm to an individual or
> (2) makes physical contact of an insulting or provoking nature with an individual.

Section 5/12-4 elevates simple battery to *aggravated* battery if certain conditions are met, like the offender knows the victim to be a peace officer, or knows the victim is pregnant, or "knowingly causes great bodily harm, or permanent disability or disfigurement." **720 ILCS 5/12-4(a)(1993).**

As the Seventh Circuit has recognized, the Illinois battery statute embraces two distinct crimes under the two different prongs. *See United States v. Evans*, 576 F.3d 766, 768-69 (7th Cir. 2009) (the same statute embraces two different crimes --

---

[6] The United States concedes this but emphasizes that the aggravated fleeing conviction was not relied on or factored in by this Court when determining that Rodgers was an armed career criminal (*see* Doc. 11, p. 32).

**offensive/insulting battery and forcible battery; only the forcible form constitutes a crime of violence justifying application of recidivist sentencing enhancement in federal court).** Without question, Rodgers was convicted of aggravated battery under the forcible -- "causes bodily harm" -- prong of the Illinois statute. *See* **PSR, ¶ 35 (describes knowingly committing criminal sexual assault with the use of force and in the course of committing the battery causing "great bodily harm" to the victim).**

In *Hill v. Werlinger,* **695 F.3d 644, 649 (7th Cir. 2012),** the Seventh Circuit reiterated:

> We have previously decided that a conviction under the first prong of the Illinois battery statute, 720 ILCS 5/12-3, which requires that the person "causes bodily harm," has as an element "the use, attempted use, or threatened use of physical force."

Rodgers' Illinois aggravated battery conviction was and is properly considered a "violent felony" for purposes of sentencing enhancement under the ACCA, 18 U.S.C. 924(e)(2)(B)(i).[7]

Neither Petitioner Rodgers nor his counsel questions Rodgers' conviction for unlawful delivery of a controlled substance – Madison County (Illinois) Case No. 03-CF-1795 – serving as an ACCA predicate. This carried more than a 15-year maximum term of imprisonment and thus is a "serious drug offense" under the ACCA.

---

[7] *See also United States v. Rodriguez-Gomez,* **608 F.3d 969, 973-74 (7th Cir. 2010) (Illinois aggravated battery conviction under "causes bodily harm" prong is a crime of violence for sentencing enhancement purposes under U.S.S.G. 4B1.2(a)(1);** *Evans,* **576 F.3d at 767 (Illinois battery conviction would be a "crime of violence" under U.S.S.G. 4B1.2(a)(1), if it fell under the causes-bodily-harm subsection not the insulting-or-provoking subsection).**

With the aggravated battery conviction, the drug conviction makes two ACCA predicates. Rodgers' attempted robbery conviction -- Madison County (Illinois) Case No. 00-CF-1704 -- supplied the third ACCA predicate.

Rodgers did not challenge the Court's reliance on that prior conviction to determine he was an armed career criminal, and the Court need not craft arguments on his behalf. However, it bears note that the Seventh Circuit repeatedly has suggested that an Illinois attempted robbery conviction is properly considered as an ACCA predicate. For instance, in *United States v. Watson-El,* **376 Fed. App'x 605, 608 (7th Cir. 2010),** the Seventh Circuit (an unreported decision regarding an *Anders* brief) remarked: "counsel correctly conclude that this potential issue is frivolous because robbery and attempted robbery under Illinois law are violent felonies." *See also United States v. Granados-Marin,* **83 Fed. App'x 834, 836-37 (7th Cir. 2003) (unpublished decision stating that Illinois attempted robbery conviction qualifies as crime of violence for sentencing purposes (U.S.S.G. 2L1.2), because Illinois attempted robbery occurs when someone attempts to take property from the person of another by the use of force or by threatening the imminent use of force).**

Dicta in *United States v. Gillaum,* **372 F.3d 848, 853, 860 (7th Cir. 2004),** also indicates that an Illinois attempted robbery conviction is properly used as an ACCA predicate offense. In the process of rejecting a defendant's arguments in a felon-in-possession appeal (e.g., challenges to a search warrant, to defendant's interrogation, to the calculation of his sentence), the Seventh remarked that two of the *qualifying* ACCA predicates were Illinois attempted robbery and Illinois aggravated battery.

And, as counsel correctly point out (Doc. 11, p. 35; Doc. 4, p. 8), the Seventh Circuit has upheld the use of attempted robbery convictions as ACCA predicates in cases where the sentence was challenged on other grounds, with the attempted robbery conviction mentioned in passing. *See, e.g., United States v. Ross,* **565 Fed. App'x 505, 512 (7th Cir. 2013) (upholding ACCA sentence enhancement where defendant had prior convictions for attempted robbery, aggravated battery, and burglary);** *United States v. Hardy,* **52 F.3d 147, 150 (7th Cir.),** *cert. denied,* **516 U.S. 877 (1995) (upholding ACCA sentence enhancement based on convictions for attempted robbery, battery, and attempted burglary).** On the other hand, in July 2016 the Seventh Circuit authorized a successive petition to vacate sentence to allow a district court to consider a petitioner's claim that his Illinois attempted robbery conviction did *not* constitute a violent felony under the ACCA. *Morris v. United States,* **827 F.3d 696 (7th Cir. 2016).**

The undersigned need not delve into this thicket, because Rodgers did not contest the use of his Illinois attempted robbery conviction. He took issue only with this aggravated fleeing and aggravated battery convictions. The former is not an ACCA predicate and *was not used as such in sentencing him*. The latter remains a viable ACCA predicate after *Johnson* and its progeny.

Furthermore, as Rodgers' appointed counsel candidly recognized, any challenge to use of the Illinois attempted robbery conviction which Rodgers might present based on *Mathis v. United States,* **-- U.S. --, 136 S. Ct. 2243 (2016)**, would be time-barred. In *Mathis,* the high Court resolved a circuit split on what qualifies as a divisible statute for

purposes of the categorical approach that governs the crime-of-violence determination under the Sentencing Guidelines. *Mathis* instructs that a state statute is divisible only if it creates multiple offenses by listing alternative *elements*. A statute that defines a single offense with alternative *means* of satisfying one particular element is not divisible "and therefore not subject to the modified categorical approach" that allows federal sentencing courts to look beyond the fact of conviction and examine underlying documents to pinpoint the basis of the defendant's prior conviction. *Edwards*, 836 F.3d at 834-36.

*Mathis* reiterated that a state crime could not qualify as an ACCA predicate if its elements are broader than those of the listed generic offense. *Mathis*, 136 S. Ct. at 2251 **(because "the elements of Mathis' crime of conviction (Iowa burglary) cover a greater swath of conduct that the elements of the relevant ACCA offense (generic burglary)," the state conviction could not be counted as an ACCA predicate, no matter how Mathis actually omitted the crime on the facts of his particular case).** So, for instance, if the elements of the Illinois crime of attempted robbery are broader than those of the corresponding generic crime, the undersigned could *not* employ the modified categorical approach to review the state court records which plainly reveal that Rodgers' attempted robbery involved the use of force and threats (and would properly count as a predicate for federal sentencing purposes).

Whether *Mathis* would support a challenge by Rodgers to his Illinois attempted robbery conviction is neither here nor there, because it would come too late. Since *Mathis* did not announce a new rule of constitutional law and was not made retroactive by the Supreme Court, it cannot form the basis for or justify an otherwise belated § 2255 petition.[8] *See Holt v. United States,* 843 F.3d 720, 722 (7th Cir. 2016); *Dawkins v. United States,* 829 F.3d 549, 551 (7th Cir. 2016); *Mathis,* 126 S. Ct at 2257.

Finally, Rodgers did not challenge the Court's determination that he was a career offender under § 4B1.1-§ 4B1.2 of the Guidelines.[9] If he had, the argument would be a loser. In *Beckles v. United States,* -- U.S. --, 2017 WL 855781 (March 6, 2017), the United States Supreme Court held that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause. *Beckles* forecloses any argument by Rodgers that his offense of conviction (Count 1) was not a crime of violence justifying career offender designation under § 4B1.1 of the Guidelines.

---

[8] As to any claims not based on *Johnson,* Rodgers' deadline to file a § 2255 petition elapsed in mid-January 2012.

[9] Section 4B1.1(a) of the Guidelines provides that a defendant is a career offender if he was at least 18 years old when he committed the instant offense of conviction, the instant offense is a felony that is either a crime of violence or a controlled substance offense, and the defendant has at least two prior felony convictions of either a crime of violence of a controlled substance offense. Section 4B1.2's definition of "crime of violence" contains a residual clause that mirrors the clause in the ACCA which was struck down in *Johnson.* In August 2016, the Seventh Circuit held that this residual clause was unconstitutionally vague. *United States v. Hurlburt,* 835 F.3d 715, 718 (7th Cir. 2016). That holding was abrogated by the Supreme Court's March 2017 *Beckles* decision, **-- U.S. --, 2017 WL 855781.**

D. **Conclusion**

The waiver provision in Rodgers' plea agreement is valid and enforceable and bars this collateral challenge via 28 U.S.C. 2255. If the Court *could* sidestep the waiver, Rodgers' petition would fail on the merits.

He contests two of the violent felonies used to determine that he was an armed career criminal – aggravated fleeing and aggravated battery. The Illinois aggravated fleeing conviction would *not* be a legitimate ACCA predicate post-*Johnson*, but it was not used when to enhance Rodgers' sentence under the ACCA. The Illinois aggravated battery conviction fell under the causing-bodily-harm prong of the state statute and was properly used as a basis for the enhancement. Rodgers had a conviction for Illinois attempted robbery and for a serious controlled substance offense. He takes issue with neither of those convictions being used.

Simply stated, Rodgers still has the required three predicates under the ACCA for sentence enhancement. Therefore, if the Court could ignore Rodgers' waiver and reach the merits of his petition, there would be no valid basis on which to grant the relief sought therein. Accordingly, the Court **DENIES** the petition and **DISMISSES** this case with prejudice. Judgment shall be entered in favor of Respondent United States and against Petitioner Rodgers.

E. **Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2255 Proceedings requires a district court entering a final order adverse to a petitioner to issue or deny a certificate of

appealability. 28 U.S.C. 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This standard requires the petitioner to demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the "issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* **537 U.S. 322, 336 (2003),** *citing Slack v. McDaniel,* **529 U.S. 473, 484 (2000).** *See also United States v. Fleming,* **676 F.3d 621, 625 (7th Cir. 2012).**

Charlie Rodgers knowingly and voluntarily executed a plea agreement in which -- in exchange for significant concessions by the United States -- he gave up the right to file a § 2255 petition (with exceptions not applicable here). The waiver is binding and will be enforced by the Court. It dooms Rodgers' petition. If the Court could reach the merits, the undersigned would deny the petition. Rodgers' argument that his Illinois aggravated battery conviction does not count as an ACCA predicate fails.

Rodgers has not made a substantial showing of the denial of a constitutional right. Because reasonable jurists would not find this conclusion debatable, the Court **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

DATED: March 16, 2017.

*s/ Michael J. Reagan*
Michael J. Reagan
United States District Judge